**ALEX R. KESSEL (State Bar No. 110715)**
**LAW OFFICES OF ALEX R. KESSEL**
15910 Ventura Blvd., Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

Attorney for Defendant
**PETROS FICHIDZHYAN,**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PETROS FICHIDZHYAN, <br><br> Defendant, | Case Numbers.: 2:24-cr-00348-SVW-1 <br><br> **DEFENDANT'S SENTENCING MEMORANDUM; SUPPORTING EXHIBITS** <br><br> **DATE:** May 5, 2025 <br> **TIME:** 11:00 a.m. <br> **COURT:** Courtroom of the Honorable Stephen V. Wilson, United States District Judge |

**TO THE HONORABLE STEPHEN V. WILSON, JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant PETROS FICHIDZHYAN, by and through his attorney of record, Alex R. Kessel, hereby submits his sentencing position for the Court's consideration. Defendant requests a sentence of <u>70 months</u>, which takes into consideration the plea agreement, relevant mitigating factors and the factors set forth in 18 U.S.C Section 3553(a).

### I.

### <u>INTRODUCTION</u>

On February 3, 2025, defendant pleaded guilty to Count 2 in the Indictment which alleges a violation of 18 U.S.C. § 1347, Health Care Fraud, Count 6, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and Count 15, concealment of money laundering (18 U.S.C. § 1956(a)(1)(B)(i)). Defendant pleaded guilty pursuant to a plea agreement.

1

The parties reserved the right to argue for a variance outside the sentencing range based on factors set forth in 18 U.S.C. § 3553(a).

## II.

## SUGGESTED SENTENCING GUIDELINES COMPUTATION

A) Offense Level

    1.   Base Offense Level (U.S.S.G § 2B1.1(a))…………………..………6

    2.   Loss Amount per U.S.S.G § 2B1.1(b)(1)(K)……………........+20

    3.   Federal Health Care Fraud (U.S.S.G § 2B1.1(b)(7))……………+3

    4.   Sophisticated Means (U.S.S.G § 2B1.1(b)(10)(C))……………..+2

    5.   Concealment Money Laundering (U.S.S.G § 251.1(b)(2))……...+2

    6.   Acceptance of Responsibility………………………………….-3

    7.   Zero Point Offender (U.S.S.G § 4C1.1)………………………….-2

    Total Offense Level………………………………………………28

B) Criminal History Category: Category I. Zero Criminal History.

Defendant submits a sentence within the applicable sentencing guidelines is just one of the many sentencing considerations and should not constitute the presumed sentence by the sentencing court. To reinforce this rule, the United States Supreme Court in *United States v. Nelson* 1295 S. Ct. 890 (2009) stated: …. and in *Gall v. United States (2007) 552 U.S. 38,* we reiterated that district court judges, in considering how the various statutory sentencing factors apply to an individual defendant "may not presume the guideline range is reasonable". The sentencing judge must consider, but is not bound by, the applicable guideline sentencing range. (See *United States v. Hammons* 558 F. 3d 1100 (9th Cir. 2009).)

## III.

## § 3553(a) FACTORS

Pursuant to *United States v. Booker* and *United States v. Phan Phan (2005) 543 U.S. 220*, the guidelines calculations referenced in the Presentence Report and the Plea Agreement are only advisory. The Court should consider the seven factors set forth in 18 U.S.C. § 3553(a) when determining a

sentence to be imposed that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

18 U.S.C. § 3553(a) advises that the Court shall consider the following when determining a particular sentence be imposed:

- The nature and circumstance of the offense, history and characteristics of the defendant;
- The need for the sentence imposed to:
  1. Reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense;
  2. To afford adequate deterrence to criminal conduct;
  3. To protect the public from further crimes of the defendant;
  4. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- The kinds of sentence available;
- The kinds of sentence in the sentencing range set forth in the guidelines;
- The policy statements set forth in the guidelines;
- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
- The need to provide restitution to any victims of the offense.

**IV.**

**APPLICATION OF SECTION 3553(a) FACTORS AND JUSTIFICATION**

**FOR A VARIANCE**

1) Defendant accepted responsibility and agreed to plead guilty at an early stage of the proceedings. Immediately after defense counsel became defendant's attorney of record, Defendant agreed to plead guilty to multiple acts of fraud. Defendant was the first and only defendant to date who has accepted responsibility by pleading guilty. Further, the gravamen of Defendant's criminal conduct is totally captured by the various guideline adjustments applicable in this matter.

2) The government never had to respond to any pretrial motions, nor ever had to prepare for trial.

3) Pre/Post plea restitution:

Defendant respectfully requests this honorable court to consider Defendant's pre and post plea efforts to pay restitution as a mitigating factor in support of a sentencing variance.

In the plea agreement, the government required Defendant to forfeiture his right to multiple real properties and United States funds in multiple bank accounts.

The real properties included the following:

1. Real property, held in trust, located at 5444 Shannon Valley Road, Acton, California,
2. Real property, held in trust, located at 10027-10029 Commerce Avenue, Tujunga, California and
3. Real property, held in trust, located at 18808 Lull Street, Reseda, California.

Defendant submits the government would be burdened with the sale process for each real property. Instead of burdening the government, Defendant enlisted the aid of a real estate agent and obtained this honorable courts approval (DKT 145) to sell the above-referenced properties and transfer all net sale proceeds over to the government toward restitution in this case.

Each of the above-referenced properties have been sold for a fair market value. Each property is in a different Escrow period. The Commerce property already closed and will yield $1.1 million to the government (see Exhibit "A", closing statement for Commerce real property). The other two properties will close very soon and will yield approximately another $1.4 million toward restitution.

The Defendant undertook, on his own, all efforts to sell the subject properties as further acceptance of his responsibility for his criminal conduct.

Undoubtedly, the government benefited from defendant's efforts to sell the real properties. The government was spared the expenses of a sale, the litigation of potential third party/trust claims to the subject properties and avoiding the potential pitfalls of selling in a down real estate market for a sale price substantially below market value.

The following funds will be immediately made available by the defendant's agreement not to contest forfeiture and his successful efforts to sell the real properties:

1. $75,447.75 in funds located in Bank of California account number ending in 8303,
2. $2,626,324.73 in funds located in Bank of California account number ending in 9860,
3. $218,571.07 in funds located in Chase Bank account number ending in 8151.

4

4. Proceeds from sale of the above-referenced properties (approximately 2.5 million dollars).

The approximate total proceeds available toward immediate restitution is *$5,420,289.40.* This amount exceeds the amount of monies the government claims went into the Defendant's bank accounts from the instant fraud activity. The government claimed the amount of $5,261,000 went into Defendant's bank accounts (see Government's Sentencing Memorandum, Exhibit 3 (DKT 152)).

Defendant is requesting the court to consider as a mitigating factor Defendant's extraordinary efforts to facilitate the availability of immediate funds to be paid toward restitution (see *United States v. Miller*, 991 F 2d 532(9th Cir. 1993), *United States v. Kim*, 364 F 3d 1235 (11th Cir. 2004); cases recognize that post offense restitutionary payment may constitute *"exceptional circumstances"* that justify a downward departure or variance.

4) Defendant has no prior acts of violence in his background.

5) Defendant has zero criminal history points. Defendant has never spent any time in jail before this matter.

6) Defendant submits the amount of loss caused multiple overlapping enhancements to increase the total offense level.

The Second Circuit Court of Appeals has approved a variance when the amount of loss causes the application of closely related overlapping enhancements. In *United States v. Jackson* 346 F 3d 2 (2nd Cir. 2003), the court noted: *"Most fraud schemes that obtain more than one half million dollars involve careful planning, some sophisticated techniques and are extensive. Moreover, a phenomenon of the guidelines, graphically illustrated by this case, is that any one enhancement increases the sentencing range by a far greater amount when the enhancement is combined with other enhancements then would occur if only one enhancement had been imposed".*

In the instant case, defendant's loss amount increased his base offense level 20 levels (U.S.S.G. § 2B1.1(b)(1)(K)). For these same losses, Defendant's offense level was also increased 3 levels pursuant to U.S.S.G. § 2B1.1(b) 7, Health Care Fraud adjustment.

Defendant submits these closely related loss enhancements increased the total offense level based on the same losses and course of conduct and warrants a variance.

7) The defendant has strong family support. (See letters and photos attached as Exhibit "B".)

8) The defendant has achieved multiple certificates from various rehabilitation programs while in custody in this matter (see certificates attached here as Exhibit "C").

9) Defendant's father has health issues including a heart condition.

10) The 1028A Count mandates a consecutive 24 months sentence for conduct which is part and parcel of the Health Care Fraud and Money Laundering counts.

11) A strict guideline sentence is excessive and greater than necessary in this matter.

Based on the foregoing, Defendant respectfully requests a variance from the calculated sentencing guideline range. Defendant respectfully requests a sentence of 46 months for Counts 2 and 15, plus a consecutive 24 months for Count 16, for a total sentence of 70 months.

## V.

## CONCLUSION

Based upon the foregoing, defendant respectfully requests this Honorable Court to sentence defendant to 70 months, which is sufficient, but not greater than necessary to comply with the factors set for in 18 U.S.C. § 3553(a)(2).

DATED: April 28, 2025

Respectfully submitted,

s/ Alex R. Kessel

ALEX R. KESSEL
Attorney for Defendant,
**PETROS FICHIDZHYAN**